IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAWN VANESSA WASHINGTON
f/k/a SHAWN MANNS TONEY,

    Plaintiff,

v.                             Civil Case No. 3:15-cv-741

WELLS FARGO BANK, N.A.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's MOTION TO REMAND (ECF No. 5). For the reasons set forth herein, the motion will be granted.

**BACKGROUND**

This is a declaratory judgment action, originating in the Circuit Court for the City of Richmond. (ECF No. 1-4). This action stems from an underlying breach of contract suit brought by Plaintiff Shawn Vanessa Washington ("Washington") against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging that Wells Fargo attempted to initiate foreclosure proceedings without providing Washington with a proper pre-acceleration cure notice required by the terms of Washington's loan, which is evidenced by a Note and secured by a Deed of Trust. (ECF No. 1-4). The Deed of Trust provides Wells Fargo with a lien on

Washington's property located at 1421 Abingdon Road, Richmond, Virginia ("the Property") in the amount of $150,000.00. Id. Washington's initial Complaint, filed on August 7, 2015, sought a declaration that:

> Wells Fargo is not entitled to foreclose on the home at 2:00 p.m. on August 11, 2015, that White is not empowered to conduct a foreclosure of the home at that time or on that date; that any foreclosure of the home at that time or on that date would be void, alternatively voidable; that Wells Fargo is not entitled to add its costs associated with scheduling the home for foreclosure on August 11, 2015 to the obligation of the note or to the lien of the deed of trust and that Washington is not responsible for any such costs.

(ECF No. 1-4 at 8). The foreclosure scheduled to occur on August 11, 2015 was subsequently cancelled.

Wells Fargo timely removed the declaratory action to this Court on December 7, 2015. (ECF No. 1). Wells Fargo asserts diversity jurisdiction as its basis for removal. Id. Wells Fargo is a national bank that has its principal place of business in South Dakota. Id. Washington is a natural person and citizen of Virginia. Id. Wells Fargo asserts that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), because "Plaintiff seeks to enjoin the foreclosure of property secured by a deed of trust for a lien in the amount of $150,000.00, and a declaratory judgment that any foreclosure would be void." (ECF No. 1 ¶ 6). Wells Fargo takes the

position that the amount in controversy is equal to the value of the Note secured by the Deed of Trust, which is $150,000.00. Id.

## DISCUSSION

Under 28 U.S.C. § 1332, this Court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

When a plaintiff claims damages less than $75,000, removal is proper only if the "defendant can prove to a 'legal certainty' that the plaintiff would...recover more than that if she prevailed." Lee v. Citimortgage, Inc., 739 F. Supp. 2d 940, 945 (E.D. Va. 2010) (internal citation omitted). If the complaint does not specify damages, a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Id.

When the complaint does not seek monetary damages, "the amount in controversy is measured by the value of the object of the litigation." Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC, 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008) (citing Hunt v. Washington State Apple Advertising Comm., 432 U.S. 333,

347 (1977)). In declaratory judgment actions, "courts are required to look to the underlying rights and obligations of the litigants to 'calculate the potential pecuniary impact of [a] judgment to either party.'" Lee, 739 F. Supp. 2d at 946 (citing Wood v. Gen. Dynamics Advanced Info. Sys., Inc., 2009 WL 1687967, at *4 (M.D.N.C. June 17, 2009)). Thus, the Court must determine "the economic worth of the 'object in controversy,' keeping in mind that 'any one case may be legitimately valued in a number of different ways,' and that '[n]o one economic analysis will be right for all cases.'" Id. (internal citation omitted). When an action is removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal. See, e.g., Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941, 943 (4th Cir. 2008).

In this case, the amount in controversy at the time of removal was equivalent to the costs associated with scheduling the foreclosure, because those costs were the only live controversy remaining in this action as of December 7, 2015. On December 7, 2015, the date of the allegedly premature foreclosure that Washington sought to prevent had long passed, and the foreclosure had been cancelled. And, Washington's Complaint does not seek a declaration that the Deed of Trust is invalid, or that Wells Fargo may not, in the future, foreclose on the Property; the Complaint sought only to prevent Wells

Fargo from conducting the foreclosure sale scheduled for August 11, 2015, which never took place. Thus, at the time of removal, Washington's claims, to the extent that she sought to prevent or void the foreclosure on August 11, 2015, were moot, and the only issue remaining to be decided was whether Wells Fargo would be entitled to hold Washington accountable for the costs associated with scheduling the cancelled foreclosure. The value of Wells Fargo's lien on the Property was no longer at stake.

Accordingly, the amount in controversy as of December 7, 2015 was the total amount of the costs incurred by Wells Fargo in arranging the August 11, 2015 foreclosure. The record does not reveal the specific dollar figure at stake; however, Washington asserts that the total is less than $75,000.00. (Memorandum in Support of Motion to Remand ("Pl. Mem.," ECF No. 6)). Wells Fargo does not offer any argument to the contrary, and has proffered neither allegations nor evidence concerning the amount of the costs that it incurred scheduling the foreclosure. Therefore, Wells Fargo has not proven that the amount in controversy as of December 7, 2015 exceeded $75,000.00 by a preponderance of the evidence.

Wells Fargo argues that "the actual purpose of the Complaint" is "the indefinite prevention of foreclosure on the property," and therefore, the amount in controversy is equivalent to the value of Wells Fargo's security interest in

the Property. (Memorandum in Opposition to Plaintiff's Motion to Remand ("Def. Mem.," ECF No. 7) at 6). This argument is simply baseless and contrary to the face of Washington's pleadings. The Complaint clearly states that Washington seeks a declaratory judgment "that Wells Fargo is not entitled to foreclose on the home <u>at 2:00 p.m. on August 11, 2015</u>...[and] that any foreclosure of the home <u>at that time or on that date</u> would be void, alternatively voidable[.]" (ECF No. 1-4 at 8) (emphasis added). Nowhere does the Complaint seek to prevent or void any foreclosure other than the foreclosure scheduled for August 11, 2015, which ultimately did not take place. Indeed, Washington admits in her reply memorandum that, because the foreclosure scheduled for August 11, 2015 did not occur, that portion of the Complaint is moot, and "the only remaining issue in this case is whether or not Wells Fargo is entitled to add to the obligation of the note or to the lien of the deed of trust its costs associated with scheduling the foreclosure (that was cancelled after the original complaint was filed)[.]" (Reply to Memorandum in Opposition to Motion to Remand ("Pl. Reply," ECF No. 8) at 5).

Therefore, a judgment in favor of either party would have no effect on the validity of the Deed of Trust or on any past or future foreclosure, nor would such a judgment have any effect on either Washington's or Wells Fargo's interest in the Property.

It necessarily follows, then, that the amount in controversy has no relation to either the value of the deed of trust or the value of the Property. Rather, for the reasons set forth above, the amount in controversy is equivalent to the total amount of costs incurred in scheduling the August 11, 2015 foreclosure, and Wells Fargo has not proven that those costs exceed $75,000.00.

Therefore, the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the case will be remanded to the Circuit Court for the City of Richmond.

## CONCLUSION

For the foregoing reasons, Plaintiff's MOTION TO REMAND (ECF No. 5) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 15, 2016